AO 241
(Rev. 10/07)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of

    money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for
    Address
    City, State Zip Code

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241 (Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusett |
|---|---|

| Name (under which you were convicted): Richard Rosenthal | Docket or Case No.: |
|---|---|

| Place of Confinement: Old Colony Correctional Center | Prisoner No.: W61584 |
|---|---|

| Petitioner (include the name under which you were convicted) Richard Rosenthal | v. | Respondent (authorized person having custody of petitioner) Steve O'Brien |
|---|---|---|

The Attorney General of the State of Massachusetts

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Middlesex Superior Court
   200 Trade Center
   Woburn, MA

   (b) Criminal docket or case number (if you know):    MICR1995-01775

2. (a) Date of the judgment of conviction (if you know):   11/7/1996

   (b) Date of sentencing:    11/7/1996

3. Length of sentence:    term of life

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   First degree murder

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241
(Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Judicial Court for the Commonwealth

(b) Docket or case number (if you know): SJC-08062

(c) Result: Appeal was denied and judgment of the Superior Court was affirmed

(d) Date of result (if you know): 7/14/2000

(e) Citation to the case (if you know): Commonwealth v. Richard Rosenthal; 432 Mass. 124 (2000)

(f) Grounds raised:
1. Whether the defedant is entitled to a new trial where, over his objection, the trial court permitted the Commonwealth to introduce evidence of his alleged prior bad acts.
2. Whether the defendant is entitled to a new trial where the trial court gave a vague, incomplete, and inaccurate instruction on the effect of any mental impairment on the defendant's ability to commit murder with extreme atrocity or cruelty.
3. Whether the defendant is enttitled to entrey of a verdict of not guilty by reason of insanity, reduciton of the verdict or other relief pursuant to G.L. c. 278 § 33E.

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 4

  (5) Citation to the case (if you know):

  (6) Grounds raised:

 (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

  If yes, answer the following:

  (1) Docket or case number (if you know):

  (2) Result:

  (3) Date of result (if you know):

  (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court:   Middlesex Superior Court

  (2) Docket or case number (if you know):   MICR1995-01775

  (3) Date of filing (if you know):   6/13/2001

  (4) Nature of the proceeding:   Motion for Reduction of the Verdict or for a New Trial 25(b)(2)

  (5) Grounds raised:

   (1) Failure of trial counsel to evaluate the Defendant's competency to stand trial where there was a substantial question of doubt as to his competency;
   (2) Trial Counsel's lack of inquiry into the validity of the Defendant's waiver of his right to testify;
   (3) Trial Counsel's lack of inquiry into the voluntariness of the Defendant's pre-Miranda statements to police; and
   (4) Ineffective assistance of counsel where Defendant's trial counsel failed to secure any of the above three procedural safeguards for the Defendant.
   (5) Appellate counsel should have further investigated the issue of competency.
   (6) Ineffective assistance of appellate counsel pursuant to G.L. c. 278, § 33E.
   (7) Failure of appellate counsel to correct the record.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☑ No

  (7) Result:   Motion replaced by the second 25(b)(2) Motion that was filed.

  (8) Date of result (if you know):   7/24/2009

AO 241 (Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Middlesex Superior Court

(2) Docket or case number (if you know): MICR1995-01775

(3) Date of filing (if you know): 10/13/2006

(4) Nature of the proceeding: 2nd Motion for Reduction of Verdict or for a New Trial 25(b)(2)

(5) Grounds raised:

(1) Failure of trial counsel to evaluate the Defendant's competency to stand trial where there was a substantial question of doubt as to his competency;
(2) Trial Counsel's lack of inquiry into the validity of the Defendant's waiver of his right to testify;
(3) Trial Counsel's lack of inquiry into the voluntariness of the Defendant's pre-Miranda statements to police; and
(4) Ineffective assistance of counsel where Defendant's trial counsel failed to secure any of the above three procedural safeguards for the Defendant.
(5) Appellate counsel should have further investigated the issue of competency.
(6) Ineffective assistance of appellate counsel pursuant to G.L. c. 278, § 33E.
(7) Failure of appellate counsel to correct the record.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Motion was denied

(8) Date of result (if you know): 7/24/2009

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Middlesex Superior Court

(2) Docket or case number (if you know): MICR1995-01775

(3) Date of filing (if you know): 10/22/2008

(4) Nature of the proceeding: Motion for New Trial Pursuant to Mass R. Crim. Pro. 30

(5) Grounds raised:

(1) Failure of trial counsel to evaluate the Defendant's competency to stand trial where there was a substantial question of doubt as to his competency;
(2) Trial Counsel's lack of inquiry into the validity of the Defendant's waiver of his right to testify;
(3) Trial Counsel's lack of inquiry into the voluntariness of the Defendant's pre-Miranda statements to police; and
(4) Ineffective assistance of counsel where Defendant's trial counsel failed to secure any of the above three procedural safeguards for the Defendant.

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Motion for New Trial was denied

(8) Date of result (if you know):   7/24/2009

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☑ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

First petition was replaced by the second. The second and third petitions were the subject of a cert petition to the State Supreme Court, which was denied.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
SEE ATTACHED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Mass. R. Crim. Proc. Rule 30 allows the defendant to raise the issue post direct appal on collateral review for the first time.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for New Trial Pursuant to Mass R. Crim. Pro. 30 and 25(b)(2)

Name and location of the court where the motion or petition was filed:
Middlesex Superior Court

Docket or case number (if you know): MICR1995-01775

Date of the court's decision: 7/24/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Judicial Court of Massachusetts

Docket or case number (if you know): SJ-2009-0451

Date of the court's decision: 11/5/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Motion to Reconsider Motion for New Trial was filed with the Middlesex Superior Court on August 5, 2009 and was denied on August 7, 2009.

**GROUND TWO:**
See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Mass. R. Crim. Proc. Rule 30 allows the defendant to raise the issue post direct appeal on collateral review for the first time.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for New Trial Pursuant to Mass R. Crim. Pro. 30 and 25(b)(2)

Name and location of the court where the motion or petition was filed:
Middlesex Superior Court

Docket or case number (if you know): MICR1995-01775

Date of the court's decision: 7/24/2009

AO 241 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):
See attached.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Judicial Court of Massachusetts

Docket or case number (if you know):   SJ-2009-0451

Date of the court's decision:   11/5/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

Motion to Reconsider Motion for New Trial was filed with the Middlesex Superior Court on August 5, 2009 and was denied on August 7, 2009.

**GROUND THREE:**
See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Mass. R. Crim. Proc. Rule 30 allows the defendant to raise the issue post direct appal on collateral review for the first time.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for New Trial Pursuant to Mass R. Crim. Pro. 30 and 25(b)(2)

Name and location of the court where the motion or petition was filed:
Middlesex Superior Court

Docket or case number (if you know):    MICR1995-01775

Date of the court's decision:    7/24/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Judicial Court of Massachusetts

Docket or case number (if you know):    SJ-2009-0451

Date of the court's decision:    11/5/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Motion to Reconsider Motion for New Trial was filed with the Middlesex Superior Court on August 5, 2009 and was denied on August 7, 2009.

**GROUND FOUR:**
See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Mass. R. Crim. Proc. Rule 30 allows the defendant to raise the issue post direct appal on collateral review for the first time.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Reduction of the Verdict or for a New Trial 25(b)(2)

AO 241
(Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:
Middlesex Superior Court

Docket or case number (if you know):   MICR1995-01775

Date of the court's decision:   7/24/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Judicial Court of Massachusetts

Docket or case number (if you know):   SJ-2009-0451

Date of the court's decision:   11/5/2009

Result (attach a copy of the court's opinion or order, if available):
See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

Motion to Reconsider Motion for New Trial was filed with the Middlesex Superior Court on August 5, 2009 and was denied on August 7, 2009.

AO 241
(Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

&AO 241             Page 14
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
Norman Zalkind, Esq., 65A Atlantic Avenue, Boston, MA 02110

(b) At arraignment and plea:
Norman Zalkind, Esq., 65A Atlantic Avenue, Boston, MA 02110

(c) At trial:
Norman Zalkind, Esq., 65A Atlantic Avenue, Boston, MA 02110

(d) At sentencing:
Norman Zalkind, Esq., 65A Atlantic Avenue, Boston, MA 02110

(e) On appeal:
Dana Curhan, 101 Arch Street, Suite 305 Boston, MA 02210

(f) In any post-conviction proceeding:
Alan J. Black, Esq., 1383 Main Street, Springfield, MA 01103

(g) On appeal from any ruling against you in a post-conviction proceeding:
Alan J. Black, Esq., 1383 Main Street, Springfield, MA 01103

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

A direct appeal was filed on November 22, 1999 with the Supreme Judicial Court of Massachusetts. This appeal was denied on July 14, 2000. On June 13, 2001 the defendant filed a pro se Motion for Reduction of Verdict or for a New Trial pursuant to 25(b)(2) of the Mass. R. App. Pro. On October 13, 2006 the defendant filed an amended pro se Motion for Reduction of Verdict or for a New Trial pursuant to Mass. R. App. Pro. 25(b)(2). There was no ruling on this amended motion as well. On October 22, 2008 a Motion for New Trial Pursuant to Mass. R. Crim. Pro. 30 was filed with the Middlesex Superior

Court. This motion was denied on July 24, 2009. On August 5, 2009 a motion to reconsider the denial of the Motion for New Trial Pursuant to Mass. R. Crim. Pro. 30 was filed, which included a motion for the judge to make a decision on the defendant's Motion under Mass. R. App. Pro 25(b)(2). This motion to reconsider was denied on August 7, 2009. On August 21, 2009 a Gatekeeper Petition Pursuant to G.L. c. 278, section 33E was filed with the Supreme Judicial Court of Massachusetts to review the lower court's decision. This petition was denied on November 5, 2009. This exhausted all state remedies.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

&AO 241
(Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Vacate the Petitioner's convictions and grant him a new trial on all charges

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was electronically filed on 1/27/10 (month, date, year).

Executed (signed) on ___December 6, 2009___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.