**Ground One**

<u>**THE MOTION JUDGE ERRED IN DENYING PETITIONER'S MOTION FOR NEW TRIAL WITHOUT A HEARING AS TO WHETHER THE COURT'S FAILURE TO EVALUATE THE DEFENDANT FOR COMPETENCY TO STAND TRIAL WHERE THERE WAS A QUESTION OF DOUBT AS TO DEFENDANT'S COMPETENCY VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. THIS DECISION WAS CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES AND WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS UNDER BOTH THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**</u>

In the case at there was clearly sufficient reason to doubt the defendant's competency for all of the reasons listed above and mentioned below. In the case at hand there was sufficient evidence of petitioner's bizarre behavior during trial including the observations of the defendant growling and his suicide attempt. The fact that there was no opportunity to evaluate exactly how his mental illness impacted his ability to assist counsel and actually comprehend and understand the proceedings against him almost insured that the defendant was deprived of his right to a fair trial. The correct and careful course would have been to suspend the trial until such an evaluation could be made. The judge never undertook to have the defendant examined in spite of both defense counsel and the Commonwealth bringing these weird behaviors to his attention but partially because defense counsel never made a motion and as a matter of fact seemingly impeded any effort on anyone's part to have the defendant examined.

At his arraignment on the charge of first degree murder, Mr. Rosenthal stood mute when asked how he answered the charge, allowing the court to enter a plea of not guilty on his behalf. Then, just a few moments later, he asked to make a statement to the court, which was not allowed. We learned later both from Attorney Zalkind and from the defendant himself in his affidavit that his attempts to speak at his arraignment, were not about this case but about the bombing in Bosnia.

Other indications of defendant's competency which can have an impact on a competency determination include testimony of family members mentioned in the statement of facts including that of the defendant's brother, mother and father that the defendant thought his parents and attorneys were replaced and out to get him and that he thought his wife was going to walk into the courtroom at any time. It is also important to note that Attorney Zalkind instructed the defendant not to write letters and it clearly caused Attorney Zalkind much consternation that the defendant could not follow even the simplest instructions. This fact is most important as it pertains to the competency determination which involves the defendant's ability to participate actively in his trial.

**Ground Two**

> **THE MOTION JUDGE ERRED IN RULING THAT THERE WAS NO LACK OF INQUIRY INTO THE VALIDITY OF THE DEFENDANT'S WAIVER OF HIS RIGHT TO TESTIFY WHICH VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THAT THIS DECISION WAS CONTRARY TO AND INVOVLED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES AND WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING UNDER THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

The defendant has indicated that he continually possessed a desire testify. The defendant continually expressed the fact that he wanted to tell his side of the story to the trier of fact and he was not allowed to so. The fact that that the defendant was not allowed to present his story and his defense constitutes a violation of fundamental constitutional right.

Attorney Zalkind reported to the judge during trial that the defendant might want to testify when at the end of the defendant's case, Attorney Zalkind indicated to the judge that Mr. Rosenthal has been "acting a little bizarre lately… he's growling, he's making funny noises beside me." A court officer confirmed he was laughing out loud inappropriately yesterday when he was walking upstairs. At this time, Attorney Zalkind stated that he "did not plan to put [Rosenthal] on the stand" but that Rosenthal had been

talking about testifying lately so he needed to talk to him. Attorney Zalkind also told that Judge that he needed to satisfy himself that Rosenthal was competent saying "he was certainly competent in my mind to stand trial, *up until now*." Further, Attorney Zalkind said it would be against his advice for Mr. Rosenthal to take the stand.

After a short recess, Attorney Zalkind informed the court that Rosenthal would not testify. When the prosecutor asked the Court to make inquiry into whether Mr. Rosenthal had personally waived his right to testify, Attorney Zalkind refused to let Rosenthal testify, even to the court on this limited issue. Mr. Rosenthal states in an affidavit that although he did not have a rational understanding of the consequences of his testifying, he repeatedly expressed his desire to testify but was told by his attorney that he would not be allowed to testify.

During this discussion, the prosecutor also asked that the Court make an inquiry into to Rosenthal's competency. This is clearly a related discussion because if he was not competent he could not competently waive his right to testify. Attorney Zalkind responded that he felt satisfied as to Mr. Rosenthal's competence and that he would not have gone forward with the case if he was not sure. Zalkind made this statement even though, his client was growling like a dog beside him. At the same time, Zalkind noted that he was not 100% sure of Rosenthal's competence, that there was always some doubt. Ultimately though, Zalkind refused to allow a competency evaluation saying it was not in Rosenthal's "best interest." The Court accepted Attorney Zalkind's opinion as to Mr. Rosenthal's competence and no formal evaluation was ever ordered.

The prejudice was clearly demonstrated in this case where the defendant was deprived of his fundamental right to testify. It is pretty clear from the defendant's affidavit and other observations of the defendant's behavior that there was very little if any communication with his trial counsel. There was a significant amount of decisions to be made and we have to ask ourselves how the defendant could have a fair trial when he could not communicate his basic desires to his counsel.

However, if allowed to testify the defendant could have testified how sick he really was and what he was experiencing and feeling at the time of the incident.

Further, it is the defendant's contention that the apparent difficulty in communication between defendant and trial counsel leads us to the belief that actual prejudice may not have been required in the case at hand.

Defense counsel was essentially prevented from assisting the accused during a critical state of the proceeding preventing a meaningful adversarial testing. The defendant mental state prevented the defendant from communicating even the most basic input when it mattered the most. The defendant states in his affidavit that he could not even communicate the fact that he wanted to testify to his counsel. As the defendant testified, he did not even talk to his counsel about testifying whatsoever.

**Ground Three**

> **THE MOTION JUST ERRED IN DETERMINING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE IN VIOLATION OF THE DEFENDANT'S RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS AND ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS BY (A) FAILING TO HAVE THE DEFENDANT EVALUATED FOR COMPETENCY TO STAND TRIAL, (B) PREVENTING THE DEFENDANT FROM TESTIFYING ON HIS OWN BEHALF, AGAINST THE DEFENDANT'S WISHES AND (C) FAILING TO FILE A MOTION TO SUPPRESS BASED ON THE VOLUNTARINESS OF THE DEFENDANT'S PRE-MIRANDA STATEMENTS TO POLICE. THIS DECISION WAS CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES AND WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS.**

It is the defendant's contention that not only defense counsel was ineffective for not moving for a competency exam, he seemed to take steps to affirmatively prevent the defendant from engaging in an exam. As mentioned above, according to the defendant and the court clinician, the defendant did not participate in the 15B exam at Bridgewater because defense counsel advised him not to participate.

Again, the trial judge was alerted to the fact of a competency issue when Attorney Zalkind indicated to the judge that Mr. Rosenthal had been acting strangely. A court officer confirmed he was laughing out loud inappropriately.

The prosecutor also asked that the Court make an inquiry into whether there was any substantial doubt as to Rosenthal's competency. Attorney Zalkind responded that he felt satisfied as to Mr. Rosenthal's competence and that he would not have gone forward with the case if he was not sure. Zalkind made this statement even though, his client was growling like a dog beside him. At the same time, Zalkind noted that he was not sure of Rosenthal's competence, that there was always some doubt . Ultimately though, Zalkind refused to allow a competency evaluation. The Court accepted Attorney Zalkind's opinion as to Mr. Rosenthal's competence and no formal evaluation was ever ordered.

There was no possible strategical reason for not holding a competency examination at this time. Any hearing would have been outside the presence of the jury and statements made could not be used against the defendant. The extent of the constitutional damage that was made, has an incompetent defendant stand trial, would far outweigh any possible damage that could have been done.

A competency exam was ordered initially by the court and Dr. Hoffnung expressed doubt as to his competency and a further exam under Section 15 (b) was requested. This 15 (b) exam was never completed as his attorney advised him not to participate. Although the defendant swore that he followed their instructions, he had no rational understanding of the consequences of this refusal and the exam was never rescheduled. Rosenthal never received a competency hearing prior to or during trial.

Mr. Rosenthal believes that he was not competent during his trial because of his mental disease. He did not understand the proceedings against and him and could not assist his attorney. He was suffering from hallucinations in which God spoke to him and that he believed that his lawyer and wife were replaced by duplicates. During the course of trial He did not even believe that his lawyer was really his lawyer and that he asked him if he was going to hurt him.

Mr. Rosenthal could not assist his attorney in preparing for the trial nor did he ask for any evidence to review prior or during the trial. He was unable to consult with his attorney during court at all. He stated thought that all his psychiatrists and psychologists were all against him and were going to destroy him.

According to the defendant he continually possessed a desire testify. (The defendant continually expressed the fact that he wanted to tell his side of the story to the

5

trier of fact and he was not allowed to so. The fact that that the defendant was not allowed to present his story and his defense constitutes a violation of fundamental constitutional right and must result in this motion being allowed.

Again, the trial judge was alerted to the fact that the defendant might want to testify when at the end of the defendant's case. Although it was not Attorney Zalkinds plan it is clear that Rosenthal had been talking about testifying. Attorney Zalkind also told that Judge that he needed to satisfy himself that Rosenthal was competent Further, Attorney Zalkind said it would be against his advice for Mr. Rosenthal to take the stand.

Attorney Zalkind eventually informed the court that Rosenthal would not testify. The prosecutor asked the Court to make inquiry into whether Mr. Rosenthal had personally waived his right to testify, however Attorney Zalkind refused to let Rosenthal testify, even to the court on this limited issue.

The defendant maintains that trial counsel should have attempted to suppress all of the defendant's statements as being involuntary, which were most definitely made under duress and under the influence of a serious mental illness and more than likely would have been suppressed by the motion judge. If these statements were suppressed, the Commonwealth would have been prohibited from using any statements, which were involuntary under both state and federal constitutional law. Although, defense counsel did move under the Massachusetts humane practice act to have them suppressed and then moved to have a jury instruction read to the jury so that the jury could consider the issue, this was after the jury already heard them.

Tthere is absolutely no strategic reason whatsoever for at least not moving to suppress these statements in front of the trial judge. This hearing would not be in front of the jury, therefore under no analysis could this attempt be harmful. Therefore, this failure to move to suppress these statements has to be considered sloppy and not tactical.

Finally, although the defendant was examined by two experienced Psychiatrists, trial counsel never asked them to evaluate the defendant as to how this mental disease would have affected his ability to make a voluntary statement. In light of the many times these doctors examined the defendant this would have been a very easy task to accomplish.

The defendant easily can demonstrate compelling prejudice occurred as a result of the actions of his trial counsel. If the defendant was incompetent or prevented from testifying then the analysis moves directly to the question of prejudice.

The defendant was prejudiced by the jury hearing the entire conversation which occurred in the driveway of the Johnsons at a time that the defendant was exhibiting bizarre behavior and clearly under the influence of a serious mental disease. This includes the statement that the defendant did something terrible. This statement was used by the prosecutor throughout the trial and used by the prosecutor to show to the jury that the defendant understood what he had just done. This was important because it negates directly the defense of insanity.

**Ground Four**

> **THE MOTION JUDGE ERRED IN DETERMING THAT APPELLATE COUNSEL WAS NOT INEFFECTIVE IN VIOLATION OF THE DEFENDANT'S RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS AND ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS BY FAILING TO ARGUE BOTH THE DEFENDANT'S INCOMPETENCY AND INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT ADDRESSING THE DEFENDANT'S COMPETENCY WHEN SUCH ISSUE WAS APPARENT ON THE RECORD; A DECISION THAT WAS CONTRARY TO AND INVOVLED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES AND WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT.**

Not only was the Defendant's appellate counsel aware that his competency was an issue, but it is clear from the record that competency was an issue at trial in that both the district attorney and the trial judge mentioned competency as an issue. Additionally it should have been abundantly clear to appellate counsel from the records that the defendant's 15(b) competency evaluation as ordered by the court was never completed and no hearing was held on this issue.

The defendant asserts appellate counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Issues not raised may have resulted in reversal or an order for a new trial, meaning the failure to raise such issues was prejudicial.  Errors

asserted herein by the defendant leave a doubt as to whether his guilt was fairly determined.

      Again as stated in ground one above in spite of it being clear on the record that the defendant's competency was an issue. Appellate counsel did not do anything to attack defense counsel of the trial judge for failing to address this issue.