UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
RICHARD ROSENTHAL                       )
   Petitioner,                          )
                                        )
v.                                      )        Civil Action No. 10-10122-NG
                                        )
STEVE O'BRIEN,                          )
   Respondent.                          )
_____)

<u>ANSWER</u>

The respondent in the above-captioned petition for writ of habeas corpus answers the

numbered paragraphs of the above-captioned amended petition for writ of habeas corpus as

follows:

1- 8.          Admitted.

9(a).          Admitted.

9(b).          Admitted.

9(c)           Admitted.

9(d).          Admitted.

9(e).          Admitted.  *See Commonwealth v. Rosenthal,* 432 Mass. 124, 732 N.E. 2d 278
               (2000).

9(f).          The respondent is submitting documents from the petitioner's state court
               proceedings including the briefs, record appendices and court decision from his
               direct appeal pursuant to G. L. 278, § 33E.  *Commonwealth v. Rosenthal,* 432
               Mass. 124, 732 N.E. 2d 278 (2000).  The record, which indicates the specific
               grounds raised, speaks for itself.

9(g)           Admitted.

9(h).          Admitted.

10.          Admitted.

11 (a) (1)-
   (a) (4).   Admitted

11(a) (5).   Denied.  And further answering, the respondent is submitting documents from the petitioner's state court proceedings including his first motion for reduction of the verdict or for a new trial pursuant to Mass. R. Crim. P. 25(b)(2) filed pro se on 6/13/2001.  (SAA 007-009).  The record, which indicates the specific grounds raised, speaks for itself.

11(a) (6).   Admitted.

11(a) (7)-(8).   Admitted in part and denied in part.  And further answering, on June 26, 2001, at the request of the petitioner, the trial judge ruled that he would take no action on the petitioner's first post-conviction motion.  (Supp. Ans. Exh. 12, SAA 7).
The petitioner filed a second post-conviction motion pro se on October 13, 2006, seeking reduction in the verdict or a new trial pursuant to Mass. R. Crim. P. 25(b)(2).  He included new grounds in support of his claims.
On October 22, 2008, now represented by counsel, the petitioner filed a third post-conviction motion before a decision was rendered on the second post-conviction motion.  The record indicates that the petitioner asked the Superior Court to consider his third post-conviction motion "in place of "his two prior motions for new trial and that "no further action be taken" on them.  (Supp. Ans. Exh. 12, SAA 138-139).  On 7/24/2009, the trial court, Kottmyer, J. denied the petitioner's third motion for a new trial, indicating that the arguments raised in the third motion were substantially similar to those asserted in the second post-conviction motion except that the defendant did not claim that appellate counsel was ineffective.  (Supp. Ans. Exh. 6, p.1, n. 1)

11(b) (1)-(4).   Admitted.

11(b) (5).   The respondent is submitting documents from the petitioner's state court post-conviction proceedings.  The record, which indicates the specific grounds raised, speaks for itself.

11(b) (6).   Admitted

11(b) (7)-(8).   Admitted in part and denied in part.  See ¶ 11(a) (7)-(8) above.

11(c) (1)-(4).   Admitted.

**3**

11(c) ((5).     The respondent is submitting documents from the petitioner's state court post-conviction proceedings.  The record, which indicates the specific grounds raised, speaks for itself.

11(c) (6)-(8).  Admitted in part and denied in part.  See ¶ 11(a) (7)-(8) above.

11(d) (1)-(3),
11(e).          Admitted in part and denied in part.  The decision denying the petitioner's third post conviction motion was the decision which the petitioner sought to appeal to the SJC by way of a gatekeeper petition pursuant to G. L. c. 278, 33E.

12.             <u>GROUND ONE</u>. The motion judge erred in denying the [petitioner's] motion for a new trial without a hearing as to whether the court's failure to evaluate the [petitioner] for competency to stand trial violated his right to due process under the 5th, 6th and 14th Amendments of the United States Constitution.

(a)- (b).       These paragraphs contain conclusions of law requiring no response.  To the extent that the petitioner presents facts, they are denied.

(c)(1).         Admitted.

(c)(2).         This paragraph touches on a conclusion of law requiring no response.

(d)(1)- (7).    Admitted.  And further answering the motion judge only ruled on the petitioner's Mass. R. Crim. P. 30 (b) motion for new trial.

(e).            Admitted.


                <u>GROUND TWO</u>: The motion judge erred in ruling that there was no lack of inquiry into the validity of the [petitioner's] waiver of his right to testify which violated the defendant's due process rights under the 5th and 14th Amendments of the United States Constitution.

(a)- (b).       These paragraphs contain conclusions of law requiring no response.  To the extent that the petitioner presents facts, they are denied.

(c)(1).         Admitted.

(c)(2).         This paragraph touches on a conclusion of law requiring no response.

(d)(1)- (7).    Admitted. And further answering the motion judge only ruled on the petitioner's Mass. R. Crim. P. 30 (b) motion for new trial.

(e).            Admitted.

4

GROUND THREE: The motion judge erred in determining that trial counsel was not ineffective in violation of the [petitioner's] rights under the 6th and 14th Amendments to the United States Constitution by (a) failing to made the [petitioner] evaluated for competency to stand trial; (b) preventing the [petitioner] from testifying on his own behalf and (c) failing to file a motion to suppress based on the voluntariness of the [petitioner's] pre-Miranda statements to police.

(a)- (b).      These paragraphs contain conclusions of law requiring no response.  To the extent that the petitioner presents facts, they are denied.

(c)(1).       Admitted.

(d)(1)- (7).   Admitted. And further answering the motion judge only ruled on the petitioner's Mass. R. Crim. P. 30 (b) motion for new trial.

(e).          Admitted.

GROUND FOUR: The motion judge erred in determining that appellate counsel was not ineffective in violation of the [petitioner's] rights under the 6th and 14th Amendments and Article XII of the Massachusetts Declaration of Rights by failing to argue both the [petitioner's] incompetency and ineffective assistance of trial counsel for not addressing the [petitioner's] incompetency when such issue was apparent on the record.

(a)- (b).      These paragraphs contain conclusions of law requiring no response.  To the extent that the petitioner presents facts, they are denied.

(c)
(d)(1)- (7)
(e)           Denied.  See ¶ 11(a) (7)-(8) above. Ground Four was not included in the third motion for a new trial.   On 7/24/2009, the trial court, Kottmyer, J. denied the petitioner's third motion for a new trial, indicating that the arguments raised in the third motion were substantially similar to those asserted in the second post-conviction motion except that that the defendant did not claim that appellate counsel was ineffective.  (Supp. Ans., Exh. 6, p. 1, n.1)

5

13(a)        This paragraph touches on a conclusion of law requiring no response.

14-15.       The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.

16.          Admitted.

17.          The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs.

18.          This paragraph touches on a conclusion of law requirement no response.  See ¶ 11(a) (7)-(8) above. And further answering, twelve days after the judge denied the petitioner's third motion for a new trial, he filed a Motion to Reconsider Decision on Defendant's Motion for New Trial Under Mass. R. Crim. P. 30(b) and Issue a Final Ruling on Defendant's Motion for New Trial Under Mass. R. Crim. P. 25(b)(2).  With it he submitted a fourth "amdended (sic) motion for new trial" with memorandum and appendix. On August 7, the judge denied the motion to reconsider but did not rule on the fourth motion.  On August 17, 2009, the petitioner filed a notice of appeal of the decision of Judge Diane M. Kottmyer denying the motion to dismiss.

Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court record.

1.    *Commonwealth v. Rosenthal*, Middlesex Superior Court, Criminal Docket, MICR1995-01775

2.    *Commonwealth v. Rosenthal,* Supreme Judicial Court Case Docket, SJC-08062.

3.    Brief and Record Appendix of Defendant/Appellant on Appeal to the Massachusetts Supreme Judicial Court (1999-08062)

4.    Brief for the Commonwealth on Appeal to the Massachusetts Supreme Judicial Court (1999-08062)

5.    *Commonwealth v. Rosenthal,* 432 Mass. 124, 732 N.E. 2d 278 (2000).

6.    Memorandum of Decision and Order on Defendant's Motion for New Trial; Middlesex Superior Court No. 95-01775

7.    Trial transcript excerpt, *Commonwealth v. Rosenthal*, Wednesday, October 30, 1996, before Graham, J., pp. 79-82)

6

8.      Supreme Judicial Court for Suffolk County Case Docket, Commonwealth v.
        Rosenthal, (No. SJ-2009-0451)

9.      Gatekeeper Application for Leave to Appeal the Denial of the Defendant's
        Motion for New Trial (No. SJ-2009-0451)

10.      Commonwealth's Memorandum in Opposition to Gatekeeper Petition (No. SJ-
        2009-0451)

11.     Record Appendix to Commonwealth's Opposition to Gatekeeper Petition (No. SJ-
        2009-0451)

12.     Order Denying Leave to Appeal dated November 5, 2009.


<u>DEFENSES</u>

1.      The petitioner has failed to exhaust state remedies on each and every claim (or
        part thereof) asserted.  *See* 28 U.S.C. § 2254(b).

2.      The state court decision rests on an adequate and independent state law ground,
        foreclosing habeas corpus review.

3.      The state court adjudication of the petitioner's claims was not contrary to nor an
        unreasonable application of clearly established Supreme Court law nor is it based
        on an unreasonable determination of the facts in light of the evidence presented in
        the state court proceeding.  <u>See</u> 28 U.S.C. § 2254(d) (1).

4.      The petitioner has failed to state a claim upon which relief under 28 U.S.C.
        § 2254 can be granted.

5.      The petitioner cannot rebut the presumption of correctness accorded to the state
        court's factual determinations underlying his purportedly federal constitutional
        claims.  *See* 28 U.S.C. § 2254(e) (1).

6.      The Petition should be denied if and to the extent that the relief sought would
        create or apply a new rule of constitutional law that cannot be applied
        retroactively on collateral review.

7.      The respondent respectfully reserves the right to amend or supplement this
        Answer in the future should that need arise.

**7**

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL
/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
 BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below.

Dated: June 22, 2010                    /s/ Annette C. Benedetto
                                        Annette C. Benedetto